```
 1  Thomas H. Casey - Bar No. 138264
    Kathleen M. Goldberg - Bar No. 132637
 2  Sheila M. Pistone - Bar No. 155237
    LAW OFFICE OF THOMAS H. CASEY, INC.
 3  A PROFESSIONAL CORPORATION
    22342 Avenida Empresa, Suite 260
 4  Rancho Santa Margarita, CA  92688
    Telephone:   (949) 766-8787
 5  Facsimile:   (949) 766-9896

 6  Attorneys for Weneta M.A. Kosmala
    Chapter 7 Bankruptcy Trustee
```

U.S. BANKRUPTCY COURT
FILED
AUG - 8 2006
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA / SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ESCO LLC,<br><br>   Debtor. | Case Nos. SA 05-10035 ES<br>      SA 05-10041 ES<br>      SA 05-10042 ES<br>      SA 05-10043 ES<br>(Substantively Consolidated by Order of Court Entered September 15, 2005) |
| In re<br><br>CRI INTERNATIONAL CORPORATION, INC.<br><br>   Debtor. | Chapter 7<br><br>Adv. No. |
| In re<br><br>SIERRA WEST ELECTRONICS DISTRIBUTION, INC.<br><br>   Debtor. | **COMPLAINT TO AVOID AND RECOVER TRANSFERS OF PROPERTY**<br>[11 U.S.C. §§547, 548, 549, 550]<br><br><u>Status Conference:</u><br>Date: To be set by Court<br>Time:<br>Ctrm: |
| In re<br><br>WOFFORD ELECTRONICS, INC.<br><br>   Debtor. | |

///

///

| | |
|---|---|
| WENETA M.A. KOSMALA, Chapter 7 Trustee of the bankruptcy estates of In re Esco LLC, In re CRI International Corporation, Inc., In re Sierra West Electronics Distribution, Inc. and In re Wofford Electronics, Inc.<br><br>        Plaintiff,<br><br>vs.<br><br>SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION, a California corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Weneta M.A. Kosmala ("Plaintiff"), in her capacity as Chapter 7 Trustee for the bankruptcy estates of *In re Esco LLC, In re CRI International Corporation, Inc., In re Sierra West Electronics Distribution, Inc.* and *In re Wofford Electronics, Inc.*, respectfully alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. This adversary proceeding arises out of and is related to the above-captioned cases pending before this United States Bankruptcy Court. Therefore, this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§157 and 1334 and General Order No. 266 of the United States District Court for the Central District of California. The causes of action set forth herein involve the recovery of transfers pursuant to 11 U.S.C. §§547, 548, 549 and 550 and, as such, constitute "core" proceedings pursuant to 28 U.S.C. §157(b)(2).

2. Venue is based on 28 U.S.C. §§1408 and 1409.

3. On January 3, 2005, an involuntary Chapter 11 petition ("Petition Date") was filed against Debtor Esco and on February 2, 2005, an Order for Relief was entered. This case was converted to a Chapter 7 on February 7, 2005. Weneta M.A. Kosmala ("Trustee") was appointed Chapter 7 Trustee.

4. Debtor Esco is the parent company of three separate corporations: CRI International Corporation, Inc. ("CRI"), Sierra West Electronics Distribution, Inc. ("Sierra"), and Wofford Electronics, Inc. ("Wofford"). Involuntary Chapter 11 proceedings were initiated on January 4, 2005 against the three subsidiaries. The CRI case was assigned case number SA 05-10041 RA, the Sierra

case was assigned case number SA 05-10042 RA, and the Wofford case was assigned case number SA 05-10043 RA. An order for relief was entered in all of the subsidiary involuntary Chapter 11 cases on February 2, 2005. By Order of the Court entered September 15, 2005, all four cases were substantively consolidated.

5.  Plaintiff is informed and believes and on that basis alleges that Defendant SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION, a California corporation ("Defendant") is a corporation organized under and by virtue of the laws of the State of California, with its principal place of business in the City of Aurora, State of Ohio.

## STATEMENT OF STANDING

6.  Plaintiff, as the Trustee of the bankruptcy estate, has standing to bring this adversary proceeding.

## FIRST CLAIM FOR RELIEF

### [To Avoid Preferential Transfers Pursuant to 11 U.S.C. §547]

7.  Plaintiff incorporates all preceding paragraphs of the Complaint as though set forth in full herein.

8.  On or within 90 days before the Petition Date (the "Preference Period"), Debtor(s) made one or more transfers of an interest of the Debtor in property, by means of a check, wire transfer or the equivalent in an aggregate amount not less than $127,501.76 (hereinafter collectively referred to as the "Pre-Petition Transfer(s)") directly to or for the benefit of the Defendant. Attached hereto as **Exhibit "1"** and incorporated herein by this reference is a list of the transfer(s) presently included in the Pre-Petition Transfer(s) total. By this Complaint, Plaintiff seeks to recover all Pre-Petition Transfer(s) made to Defendant within the Preference Period, and will amend its complaint to add additional Pre-Petition Transfer(s), if any, that are subsequently discovered.

9.  Defendant was a creditor of the Debtor at the time of the Pre-Petition Transfer(s) within the meaning of 11 U.S.C. §101(10)(A).

10. The Pre-Petition Transfer(s) was/were to or for the benefit of the Defendant.

11. The Pre-Petition Transfer(s) was/were made on account of an antecedent debt owed by the Debtor before the Pre-Petition Transfer(s) was/were made.

12. The Pre-Petition Transfer(s) was/were made while Debtor was insolvent.

13. The Pre-Petition Transfer(s) enabled the Defendant to receive more on account of its debt than if Debtors' cases were under Chapter 7 of the Bankruptcy Code, the Pre-Petition Transfer(s) had not been made, and Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

14. In accordance with the foregoing, the Pre-Petition Transfer(s) is/are avoidable pursuant to 11 U.S.C. §547(b).

## SECOND CLAIM FOR RELIEF

### [To Recover Post-Petition Transfers, 11 U.S.C. §549]

15. Plaintiff incorporates all preceding paragraphs of the Complaint as though set forth in full herein.

16. After the Petition Date, the Debtor(s) made one or more transfer(s)("Post-Petition Transfers") to the Defendant in the amount of $63,613.89.

17. The Post-Petition Transfers were not authorized by the Bankruptcy Court.

18. In accordance with the foregoing, the Post-Petition Transfers are avoidable pursuant to 11 U.S.C. §549(a).

## THIRD CLAIM FOR RELIEF

### [To Recover Fraudulent Transfers Pursuant to 11 U.S.C. §548(a)(1)(B)]

19. Plaintiff incorporates all preceding paragraphs of the Complaint as though set forth in full herein.

20. As to any Pre-Petition Transfer(s) that was/were not on account of an antecedent debt owed to Debtor, Plaintiff alleges that the Debtor received less than a reasonably equivalent value in exchange for such Transfer(s) ("Potentially Fraudulent Transfer(s)"); and

    a. The Debtor was insolvent on the date that the Potentially Fraudulent Transfer(s) was/were made or became insolvent as a result of the Transfer(s); or

    b. The Debtor was engaged in a business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or

      c.      The Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

21.    The Potentially Fraudulent Transfers can be avoided pursuant to 11 U.S.C. §548(a)(1)(B).

### FOURTH CLAIM FOR RELIEF

### [To Recover Avoided Transfers Against Defendant

### for the Benefit of the Estate under 11 U.S.C. §550)]

22.    Plaintiff incorporates all preceding paragraphs of the Complaint as though set forth in full herein.

23.    The alleged preferential Pre-Petition Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §547, may be recovered by Plaintiff pursuant to 11 U.S.C. §550(a)(1).

24.    The alleged Post-Petition Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §549, may be recovered by Plaintiff pursuant to 11 U.S.C. §550(a)(1).

25.    The alleged Pre-Petition Fraudulent Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §548, may be recovered by Plaintiff pursuant to 11 U.S.C. §550(a)(1).

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

1.    The Transfer(s) be avoided and set aside (collectively, "All Avoided Transfers");

2.    Plaintiff shall recover from Defendant All Avoided Transfers, together with prejudgment interest thereon at the legal rate allowed under 28 U.S.C. §1961 from the Petition Date;

3.    An award of costs incurred in this suit; and

4.    Such other and further relief as this Court may deem necessary and proper.

DATED: August 7, 2006        LAW OFFICE OF THOMAS H. CASEY, INC.,
A PROFESSIONAL CORPORATION

By: _____
Sheila M. Pistone
Attorney for Weneta M.A. Kosmala, Chapter 7 Trustee of the estates of *In re Esco LLC, In re CRI International Corporation, Inc., In re Sierra West Electronics Distribution, Inc.* and *In re Wofford Electronics, Inc.*

Esco, LLC
Preference Analysis
Includes Pre-Petition and Gap Period

| Payee | Check Number | Clear Date | Check Amount | Invoice Information | | | |
|---|---|---|---|---|---|---|---|
| | | | | Date | Amount | Terms | Days |
| SAINT | 81177 | 10/19/04 | 64,147.36 | 08/04/04 | 606.20 | AP | 76 |
| SAINT | 81177 | | | 08/04/04 | 1,623.30 | AP | 76 |
| SAINT | 81177 | | | 08/04/04 | 5,220.00 | AP | 76 |
| SAINT | 81177 | | | 08/05/04 | 556.80 | AP | 75 |
| SAINT | 81177 | | | 08/05/04 | 1,948.32 | AP | 75 |
| SAINT | 81177 | | | 08/06/04 | 1,829.80 | AP | 74 |
| SAINT | 81177 | | | 08/06/04 | 11,899.20 | AP | 74 |
| SAINT | 81177 | | | 08/09/04 | 606.20 | AP | 71 |
| SAINT | 81177 | | | 08/09/04 | 556.80 | AP | 71 |
| SAINT | 81177 | | | 08/09/04 | 381.05 | AP | 71 |
| SAINT | 81177 | | | 08/09/04 | 163.59 | AP | 71 |
| SAINT | 81177 | | | 08/09/04 | 410.40 | AP | 71 |
| SAINT | 81177 | | | 08/10/04 | 18,283.92 | AP | 70 |
| SAINT | 81177 | | | 08/11/04 | 1,512.00 | AP | 69 |
| SAINT | 81177 | | | 08/11/04 | 2,646.00 | AP | 69 |
| SAINT | 81177 | | | 08/11/04 | 2,275.25 | AP | 69 |
| SAINT | 81177 | | | 08/11/04 | 455.05 | AP | 69 |
| SAINT | 81177 | | | 08/11/04 | 13,173.48 | AP | 69 |
| SAINT | 3565 | 11/19/04 | 24,069.60 | 08/23/04 | 7,869.60 | 30 | 88 |
| SAINT | 3565 | | | 09/09/04 | 16,200.00 | 30 | 71 |
| SAINT | 3785 | 12/09/04 | 15,004.00 | 09/20/04 | 2,184.00 | 30 | 80 |
| SAINT | 3785 | | | 12/08/04 | 12,820.00 | Prepay | 1 |
| SAINT | 3786 | 12/09/04 | 16,374.76 | 09/02/04 | 12,820.00 | 30 | 98 |

EXHIBIT 1 PAGE 6

Esco, LLC
Preference Analysis
Includes Pre-Petition and Gap Period

| Payee | Check Number | Clear Date | Check Amount | Invoice Information | | |
|---|---|---|---|---|---|---|
| | | | | Date | Amount | Terms | Days |
| SAINT | 3786 | | | 09/03/04 | 3,554.76 | 30 | 97 |
| Total - Pre-petition | | | 119,595.72 | | | | |
| SAINT | ███ | 01/24/05 | 14,580.00 | No invoice support located | | | |
| SAINT | ███ | 01/26/05 | 49,033.89 | No invoice support located | | | |
| Total - Gap Period | | | 63,613.89 | | | | |

EXHIBIT  1  PAGE  7

Esco, LLC
Saint Gobain
Analysis of New Value (Includes Paid and Unpaid New Value)

| Type  | Check Number | Date     | Amount      | Net Preference Balance |
|-------|--------------|----------|-------------|------------------------|
| Check | 81177        | 10/19/04 | 64,147.36   | 64,147.36              |
| Check | 3565         | 11/19/04 | 24,069.60   | 88,216.96              |
| Paid  |              | 12/08/04 | (12,820.00) | 75,396.96              |
| Check | 3785         | 12/09/04 | 15,004.00   | 90,400.96              |
| Check | 3786         | 12/09/04 | 16,374.76   | 106,775.72             |

EXHIBIT 1  PAGE 8

*Commercial Checking* statement
November 1, 2004 to November 26, 2004

## Commercial Checking: 1891159780

### Checks paid this statement period (continued)
*This symbol indicates a break in check number sequence

| Check number | Amount ($) | Date paid | Bank reference number | Check number | Amount ($) | Date paid | Bank reference number |
|---|---|---|---|---|---|---|---|
| 81325 | -567.60 | Nov 09 | 0612024002 | *81356 | -15,125.00 | Nov 12 | 0615027291 |
| 81326 | -29.00 | Nov 04 | 0654009036 | *81359 | -370.00 | Nov 23 | 0652016237 |
| 81327 | -58.04 | Nov 03 | 0603034401 | 81360 | -4,050.00 | Nov 23 | 0652004866 |
| *81329 | -127.05 | Nov 12 | 0615062064 | 81361 | -120.34 | Nov 22 | 0601009989 |
| 81330 | -38.20 | Nov 05 | 0615034634 | 81362 | -965.88 | Nov 24 | 0653014097 |
| 81331 | -113.30 | Nov 03 | 0603056126 | 81363 | -545.29 | Nov 17 | 0673012811 |
| 81332 | -762.95 | Nov 02 | 0672027513 | 81364 | -494.48 | Nov 17 | 0673012812 |
| 81333 | -20.11 | Nov 23 | 0652026770 | 81365 | -708.52 | Nov 22 | 0611050321 |
| 81334 | -53.50 | Nov 03 | 0603077175 | 81366 | -3,799.95 | Nov 24 | 0653011963 |
| 81335 | -285.94 | Nov 15 | 0651005262 | 81367 | -222.20 | Nov 18 | 0614048724 |
| 81336 | -413.12 | Nov 15 | 0651005263 | 81368 | -107.89 | Nov 17 | 0613060254 |
| 81337 | -661.87 | Nov 15 | 0651005264 | 81369 | -1,658.05 | Nov 19 | 0615045133 |
| 81338 | -3,530.45 | Nov 09 | 0652013983 | 81370 | -1,302.33 | Nov 16 | 0983213081 |
| 81339 | -35.00 | Nov 23 | 0983209706 | 81371 | -78.52 | Nov 17 | 0613070754 |
| 81340 | -647.15 | Nov 15 | 0601025065 | 81372 | -112.77 | Nov 18 | 0614047823 |
| 81341 | -242.71 | Nov 08 | 0983016668 | 81373 | -360.22 | Nov 17 | 0613024422 |
| 81342 | -503.50 | Nov 10 | 0613007044 | 81374 | -400.60 | Nov 16 | 0983212848 |
| 81343 | -449.21 | Nov 09 | 0672006656 | 81375 | -1,743.27 | Nov 26 | 0983808681 |
| 81344 | -51.30 | Nov 12 | 0615022297 | 81376 | -405.77 | Nov 16 | 0983212845 |
| 81345 | -17.92 | Nov 12 | 0615062352 | *81380 | -3,652.61 | Nov 23 | 0652016236 |
| 81346 | -230.50 | Nov 18 | 0614047824 | *81395 | -160.30 | Nov 24 | 0653009258 |
| 81347 | -905.63 | Nov 17 | 0613024421 | 81396 | -705.12 | Nov 24 | 0653014094 |
| 81348 | -421.63 | Nov 15 | 0983017742 | 81397 | -501.69 | Nov 24 | 0653014095 |
| *81350 | -401.16 | Nov 15 | 0983017743 | 81398 | -229.36 | Nov 24 | 0653014096 |
| 81351 | -660.61 | Nov 12 | 0615022491 | *81401 | -44.86 | Nov 22 | 0983013212 |
| 81352 | -13,237.84 | Nov 12 | 0605006868 | *81409 | -1,559.82 | Nov 23 | 0672007990 |
| 81353 | -13,899.80 | Nov 17 | 0673012810 | *81415 | -197.18 | Nov 26 | 0983808680 |
| 81354 | -7,686.92 | Nov 10 | 0613045196 | | | | |

Total checks paid this statement period: -$1,732,580.40
Total number of checks paid this statement period: 397

### Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| Nov 01 | -5,000.00 | Wire # 008535 Bnf Phoenix Contac Fed # 002226 | | 9485008338 |
| Nov 01 | -52,354.52 | Commercial Loan Comerica 2580720688 | | 9488921347 |
| Nov 01 | -20,600.64 | Commercial Loan Comerica 2580720688 | | 9488921349 |
| Nov 02 | -75,040.77 | Wire # 004956 Bnf Phoenix Contac Fed # 001474 | | 9485006300 |
| Nov 03 | -762.50 | Return Item Chargeback 041103 000000000000000 | | 9488531195 |
| Nov 03 | -4,536.22 | Commercial Card Payments 558739000005152 | | 9488440579 |
| Nov 03 | -60.00 | Commercial Card Payments 556716900000180 | | 9488440563 |
| Nov 04 | -75,150.32 | Wire # 002745 Bnf Tyco Electroni Fed # 000384 | | 9485006396 |
| Nov 04 | -44,459.58 | Wire # 002782 Bnf Oakland Indust Fed # 000608 | | 9485006395 |
| Nov 04 | -441.20 | Wire # 500913 Bnf Chian Chia Ele Swf # 046924 | | 9485006394 |
| Nov 05 | -5,308.44 | Wire # 009348 Bnf Panduit Corp. Fed # 002793 | | 9485006003 |
| | | | | 9488720217 |
| Nov 09 | -52,822.99 | Wire # 003931 Bnf Pentair Electr Fed # 000754 | | 9485006326 |
| Nov 09 | -8,619.60 | Wire # 003997 Bnf Oakland Indust Fed # 000751 | | 9485006325 |
| Nov 09 | -1,464.20 | Wire # 007550 Bnf Tyco Electroni Fed # 002122 | | 9485006324 |
| Nov 10 | -1,455.50 | Wire # 501600 Bnf Hadimec Ag Swf # 052530 | | 9485007213 |
| Nov 10 | -922.80 | Wire # 501614 Bnf Chian Chia Ele Swf # 052533 | | 9485007212 |

EXHIBIT   1   PAGE   9

| B-104 (Rev. 8/99) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|---|
| **PLAINTIFFS** Weneta M.A. Kosmala, Chapter 7 Trustee for the estates of Esco LLC, CRI International Corporation, Sierra West Electronics Distribution & Wofford Electronics (Consolidated per Order entered 9/15/05) **ADDRESS** % Law Office of Thomas H. Casey, Inc. 22342 Ave. Empresa #260 Rancho Santa Margarita, CA 92688 | | **DEFENDANTS** SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION, a California corporation **ADDRESS** 1199 S. Chillicothe Rd. Aurora, OH 44202 | |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) LAW OFFICE OF THOMAS H. CASEY, INC. 22342 Ave. Empresa #260 Rancho Santa Margarita, CA 92688 Telephone: (949) 766-8787 / Fax: (949) 766-9896 | | **ATTORNEYS** (If Known) RECEIVED AUG -8 2006 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY___ DEPUTY | |

**PARTY** (Check one box only)   [ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [✓] 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Avoid and Recover Transfers of Property (11 USC §§547, 548, 549, 550)

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | | | | |
|---|---|---|---|---|---|
| [✓] 454 | To recover money or property | [ ] 455 | To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan | [ ] 456 | To obtain a declaratory judgment relating to any of foregoing causes of action |
| [ ] 435 | To determine validity, priority or extent of a lien or other interest in property | [ ] 426 | To determine the dischargeability of a debt 11 U.S.C. §523 | [ ] 459 | To determine a claim or cause of action removed to a bankruptcy court |
| [ ] 458 | To obtain approval for the sale of both the interest of the estate and of a co-owner in property | [ ] 434 | To obtain an injunction or other equitable relief | [ ] 498 | Other (specify) |
| [ ] 424 | To object or to revoke a discharge 11 U.S.C. §727 | [ ] 457 | To subordinate any allowed claim or interest except where such subordination is provided in a plan | | |

| ORIGIN OF PROCEEDINGS (Check one box only.) | [✓] 1 Original Proceeding | [ ] 2 Removed Proceeding | [ ] 4 Reinstated or Reopened | [ ] 5 Transferred from Another Bankruptcy Court | [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|
| **DEMAND** | **NEAREST THOUSAND** $ 191 | **OTHER RELIEF SOUGHT** | | | [ ] JURY DEMAND |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR Esco LLC, CRI International Corporation, Sierra West Electronics Distribution & Wofford Electronics (Consolidated per Order entered 9/15/05) | BANKRUPTCY CASE NO. SA05-10035ES, SA05-10041ES, SA05-10042ES, SA05-10043ES (Consolidated per Order entered 9/15/05) | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING Central District of California | DIVISIONAL OFFICE Santa Ana | NAME OF JUDGE Erithe A. Smith |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | [ ] FEE ATTACHED | [ ] FEE NOT REQUIRED | [✓] FEE IS DEFERRED |
|---|---|---|---|
| DATE August ___, 2006 | PRINT NAME Law Office of Thomas H. Casey, Inc. By: Sheila M. Pistone | SIGNATURE OF ATTORNEY (OR PLAINTIFF) LAW OFFICE OF THOMAS H. CASEY, INC. By: | |